# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., and FLFMC, LLC. <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM BOUNDS, LTD., <br><br> Defendant. | Civil Action No. <br><br> JURY TRIAL DEMANDED <br><br> **Filed Electronically** |

## ORIGINAL COMPLAINT

Plaintiffs for their Complaint herein, allege that:

## PARTIES

1. Relator FLFMC brings this action in the name of the United States and its own name (collectively "plaintiffs") pursuant to 35 U.S.C. § 292(b). Plaintiff FLFMC is a Pennsylvania LLC with a principal place of business in Pennsylvania.

2. Defendant William Bounds, Ltd. ("William Bounds"), is a California Corporation with a principal place of business in Torrance, CA.

## JURISDICTION AND VENUE

3. This case is a civil action for, *inter alia*, false marking in violation of 35 U.S.C. § 292(a). This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1355(a), and 1338(a) and (b), as it involves substantial claims arising under the patent laws of the United States.

4. Venue for this action is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1395(a) because the asserted claims

arose in this District and, on information and belief, Defendant, at all times material hereto, has done business in this District.

5. This court has personal jurisdiction over William Bounds, because, upon information and belief, William Bounds has sold its falsely marked products in Pennsylvania and in this District and/or in the stream of commerce with knowledge that they would be sold in Pennsylvania and in this District. Upon information and belief, such sales in Pennsylvania and in this District of William Bounds' products are substantial, continuous and systematic.

## BACKGROUND

6. United States Patent No. 3,168,256 ("the 256 patent") was filed on May 2, 1963 and issued on February 2, 1965.

7. Pursuant to the provisions of 35 U.S.C. § 154 then in effect, the 256 patent expired on May 2, 1983.

8. Defendant and/or its agents, manufacture, sell, offer to sell, and/or advertise peppermills that are subject to patent protection.

9. A number of Defendant's peppermills are marked with Patent No. 3,168,256.

## FIRST CAUSE OF ACTION
## (FALSE MARKING)

10. Plaintiffs repeat and re-allege paragraphs 1-8 as if set forth fully herein.

11. After May 2, 1983, Defendant or its agents marked upon, affixed to, or used in advertising in connection with items, including its peppermills, phrases referring to the 256 patent, implying that the item was protected under that patent.

828334.1

12. Defendant and/or its agents did so for the purpose of deceiving the public.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

1. This Court find that the Defendant has violated 35 U.S.C. § 292(a);

2. This Court assess a fine in accordance with 35 U.S.C. § 292;

3. This Court declare this case to be an exceptional case under 35 U.S.C. § 285 and award Plaintiffs their reasonable costs and attorneys' fees, together with interest, including pre-judgment interest, thereon; and

4. This Court grant Plaintiffs such further and other relief (including attorney's fees) to which they may be entitled.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues to which it is entitled.

Respectfully submitted,

*s/David G. Oberdick*
David G. Oberdick, Esquire
Pa. I.D. No. 47648
Email: dgo@muslaw.com

Tony J. Thompson, Esquire
Pa. I.D. No. 204609
Email: tjt@muslaw.com

Meyer, Unkovic & Scott LLP
1300 Oliver Building
Pittsburgh, PA 15222
(412) 456-2800

**Attorneys for Plaintiffs**

Dated: March 29, 2010

3