835840.1                                                                                                          C.A. 10-cv-00420

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., ) | |
| and FLFMC, LLC. ) | |
| ) | Civil Action No. 2:10-cv-00420 |
| Plaintiffs, ) | |
| ) | J. Gary L. Lancaster |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| WILLIAM BOUNDS, LTD. ) | |
| ) | **Filed Electronically** |
| Defendant. ) | |

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

Counsel for the parties and unrepresented parties shall confer regarding the matters identified herein and prepare a signed report in the following form to be filed at least 21 days before the Initial LR 16.1 Scheduling Conference or at such other time as ordered by the court. This report form may be downloaded from the Court's web site as a word-processing document and the information filled in as requested on the downloaded form. The dates to be provided in the report are suggested dates and may be accepted or modified by the Court.

1. Identification of counsel and unrepresented parties. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

| *Counsel for Relator* | *Counsel for Defendant* |
|---|---|
| FLFMC, LLC | William Bounds, LTD. |

| | |
|---|---|
| David G. Oberdick | Lynn J. Alstadt |
| Tony J. Thompson | Buchanan Ingersoll & Rooney |
| Meyer, Unkovic & Scott LLP | 301 Grant Street |
| 1300 Oliver Building | One Oxford Centre, 20th Floor |
| Pittsburgh, PA 15222 | Pittsburgh, PA 15219 |
| Tel: (412) 456-2800 | Tel: (412) 562-1632 |
| Fax: (412) 456-2864 | Fax: (412) 562-1041 |
| dgo@muslaw.com | Email: alstadtlj@bipc.com |
| tjt@muslaw.com | |

2. Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc):
   This is a false marking case arising under the patent laws, 35 U.S.C. § 292.

835840.1

3. Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:

   The parties held a Rule 26(f) Conference on May 25, 2010.

4. Date of Rule 16 Initial Scheduling Conference as scheduled by the Court: (Lead Trial Counsel and unrepresented parties shall attend the Rule16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

   The Court's Rule 16 Initial Scheduling Conference is set for June 10, 2010.

5. Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:

   Defendant intends to file a motion to dismiss under Rule 12(b)(1) Fed. Rules Civ. Pro. on or before June 7, 2010.

6. Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:

   The parties have designated Mediation as the ADR process to be used in this case.

7. Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:

   No changes are proposed by either party at this time.

8. Subjects on which fact discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with

835840.1

regard to subjects not listed herein):

> The parties anticipate that discovery will be needed as to William Bounds Ltd.'s advertising of its peppermills, any patent-coverage review it conducts, and its related sales and profits information. Defendant expects discovery concerning the ownership, business and activities of Plaintiff.

9. Set forth suggested dates for the following (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

   a. Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made: June 11, 2010

   b. Date by which any additional parties shall be joined: June 24, 2010

   c. Date by which the pleadings shall be amended: June 24, 2010

   d. Date by which fact discovery should be completed: Plaintiff proposes October 1, 2010. Defendant proposes that discovery should be completed by April 30, 2011.

   e. If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed: N/A

   f. Date by which plaintiff's **expert reports should be filed:** Plaintiff proposes December 3, 2010. Defendant proposes June 30, 2011.

   g. Date by which depositions of plaintiff's **expert(s) should be completed:** Plaintiff proposes January 14, 2010. Defendant proposes July 30, 2011.

   h. Date by which defendant's **expert reports should be filed:** Plaintiff proposes January 4, 2011. Defendant proposes September 30, 2011.

835840.1

    i.    **Date by which depositions of defendant's expert(s) should be completed:**
Plaintiff proposes February 11, 2010. Defendant proposes October 30, 2011

    j.    **Date by which third party expert's reports should be filed:** N/A

    k.    **Date by which depositions of third party's expert(s) should be completed:**
N/A

10. If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

    No changes are proposed by either party at this time. The parties have agreed to address the 7-hour time limit for depositions on a case by case basis.

11. **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**

    The parties do not anticipate that this case will present electronic discovery issues. The parties have agreed that all documentary evidence and electronically stored information shall be exchanged in paper form, without regard to metadata. The parties have agreed that either party may request, on a document-by-document basis, electronic production of a particular document in its native form.

12. [Redacted]

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c)):

    The parties request that a protective order comparable to the protective order in this Court's Local Patent Rules be entered in this case.

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

    The parties do not anticipate that the court will have to appoint a special master.

835840.1

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

Settlement discussions are ongoing.

Respectfully submitted,

/s/ *David G. Oberdick*, Counsel for Relator FLFMC

/s/ *Lynn J. Alstadt*, Counsel for Defendant William Bounds, Ltd.

(Signatures of counsel and unrepresented parties)