**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA, ex rel.,
and FLFMC, LLC.,

                                                    Civil Action No. 2:10-cv-00420-GLL

        Plaintiffs,

  v.

WILLIAM BOUNDS, LTD.,

        Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S  MOTION TO DISMISS**

                                      Lynn J. Alstadt
                                      PA I.D. No. 23487
                                      Buchanan Ingersoll & Rooney PC
                                      301 Grant Street, 20th Floor
                                      Pittsburgh, PA  15219-1410
                                      Phone: 412-562-1632
                                      Fax: 412-562-1041

                                      Attorney for Defendant

# **TABLE OF CONTENTS**

Statement of Relevant Facts …………………………………………………………...…1

Argument ……………………………………………………………………………..2

I. FLMC's Complaint Should be Dismissed Pursuant to Rule 12(b)(1) …………………...2

    A. The Complaint Does Not Meet The Requirement of Article III
    Standing Because it Fails to Adequately Plead an Injury in Fact …………………....2

    B. FLFMC Has No Standing in its Own Right, or as a *Qui Tam* Plaintiff  ..………....6

    C. FLFMC's Complaint Does Not Plead a Nexus Between Defendant's Markings
    and the Alleged Harm …………………………………..……………………7

II. The Complaint Should be Dismissed Under 9(b) and 12(b)(6) ..…………………………7

III. In The Alternative the Court Should Stay This Proceeding Pending the
the Federal Circuit Decision in the *Stauffer* Case  …………………………..………...11

Conclusion………………………………………………………………………………….11

# **TABLE OF AUTHORITIES**

**Cases**

*Allen v. Wright,* 468 U.S. 737, 751, 754 (1984)……………………………………………..6

*Ashcroft v. Iqbal,* ___ U. S. ___, 129 S. Ct. 1937, 1949 (2009)…………………………………8

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)……………………………………….8

*Bly-Magee v. California,* 236 F.3d 1014, 1018 (9th Cir. 2001)………………….…………..8

*Brinkmeier v. Graco Children's Prods. Inc.,* 684 F. Supp. 2d 548……………………………..9

*Exergen Corp. v. Wal-Mart Stores,* 575 F.3d 1312, 1326-27 (Fed. Cir. 2009)…………………8

*In re Rockefeller Center Properties Securities Litigation,* 311 F.3d 198, 216…………………8

*Juniper Networks v. Shipley,* No. C 09- 696 SBA, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009)……………………………………………………………………………...7-9

*Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009)………………………………8

*L. Singer & Sons v. Union Pac. R. Co.,* 311 U.S. 295, 303 (1940)………………………….…6

*Lujan v. Defenders of Wildlife, Inc.,* 504 U.S. 555, 560 (1992)………………………………...3

*Pequignot v. Solo Cup Co. ("Pequignot II"),* 640 F.Supp.2d 714, 91 U.S.P.Q.2d 1493 (E.D.Va. Mar 27, 2009)…………………………………………………………………………………….5

*Perkins v. Lukens Steel Co.,* 310 U.S. 113, 126 (1940)………………………………………..6

*San Francisco Technology, Inc. v Adobe Systems Incorporated, et al.*
Civil Action No. C 09-6083 S…………………………………………………………………11

*Spring Commc'ns Co., L.P. v. APCC Servs., In.,* ---U.S.---, 128 S.Ct. 2531, 253 (2008)……...2

*Stauffer v. Brooks Brothers*, 615 F.Supp. 2d 248 (S.D.N.Y. 2009)…………………….1, 3-6

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)……………………….3

*Summers v. Earth Island Inst.,* 129 S. Ct 1142, 1152 (2009)……………………...................3

*United States ex rel. Scharmer v. Carrollton Mfg. Co.,* 377 F. Supp. 218, 221 (N.D. Ohio 1974)…7

*Vermont Agency of Nat'l Res. v. United States ex rel. Stevens,* 529 U.S. 756, 771 (2000)..3, 4, 7

*Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990)………………………………………………3

*Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1008 (9th Cir. 2009)………………….9

**<u>Statutes and Rules</u>**

35 U.S.C. §292………………………………………………………………………….1, 3, 6, 9

Fed R. Civ. P. 8(a)……………………………………………………………………………….10

Fed R. Civ. P. 9(b)…………………………………………………………………………….7-10

Fed R. Civ. P. 12(b)(i)…………………………………………………………………….…..1,2

Fed R. Civ. P. 12(b)(6)……………………………………………………………………….....1, 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., ) <br> and FLFMC, LLC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WILLIAM BOUNDS, LTD., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 2:10-cv-00420-GLL |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, William Bounds, Ltd., submits this Memorandum of Points and Authorities in support of its Motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) because Plaintiff lacks standing and pursuant to Federal Rules of Civil Procedure 12(b)(6) because Plaintiff failed to plead with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.  In the alternative, Defendant asks this court to stay this case pending the Federal Circuit's resolution of the standing issue in the pending appeal of *Stauffer v Brooks Brothers*, 615 F Supp. 2d 248 (S.D.N.Y. 2009).

**Statement of Relevant Facts**

This is an action rising under 35 U.S.C. §292 in which FLFMC alleges that William Bounds, Ltd. has manufactured, sold, offered for sale and/or advertised pepper mills marked with expired U.S. Patent No. 3,168,256.  Beyond alleging that FLFMC has a principal place of business in Pennsylvania the complaint discloses nothing about FLFMC.  The Stipulation selecting ADR Process filed in this case (Document 10) says that FLFMC is owned by a local patent attorney Debra Parrish.  Defendant has learned that FLFMC is not a manufacturer or seller

of any products.  Indeed, the only activities of FLFMC of which Defendant has knowledge are four other false marking cases filed by FLFMC which are currently pending in this Court.

Defendant is a small family owned business located in Torrance, California.  The company was started over 40 years ago by William Bounds, who developed an innovative pepper mill mechanism that evenly crushes peppercorns.  The company currently sells a variety of pepper mills other high quality kitchen tools, stemware, ice buckets, bowls, dishes and serving trays.  The company also sells a variety of sugars and spices.  These items can be seen on the company's website www.wmboundsltd.com.

FLFMC's complaint contains only twelve paragraphs.  Paragraph 6 of the Complaint identifies U.S. Patent No. 3,168,256.  Paragraph 7 says that the patent expired on May 2, 1983. Paragraphs 8 and 9 allege that Defendant and/or its agents manufactured, sold, offered to sell or advertised pepper mills marked Patent No. 3,168,256.  Paragraph 11 alleges that after May 2, 1983 Defendant or its agents affixed to, or used in advertising in connection with items, including its pepper mills, phrases referring to the '256 patent implying that the item was protected under that patent.  Finally, paragraph 12 says, "Defendant and/or its agent did so for the purpose of deceiving the public."

## ARGUMENT

I.      FLFMC's Complaint Should Be Dismissed Pursuant to Rule 12(b)(1).

   A.  The Complaint Does Not Meet The Requirements of Article III
   Standing Because it Fails to Adequately Plead an Injury in Fact.

Article III standing has been called "the most basic doctrinal principle" because the Constitution restricts federal judicial power to hear only real cases and controversies. *Spring Commc'ns Co., L.P. v. APCC Servs., Inc.*, --- U.S. ---, 128 S.Ct. 2531, 2535 (2008).

Article III standing ensures that this case-or-controversy requirement is met. *Id.* Plaintiff's status as a purported *qui tam* plaintiff does not relieve it from the obligation to satisfy the "irreducible constitutional minimum of standing." *Vermont Agency of Nat'l Res. V. United States ex rel. Stevens,* 529 U. S. 765,771 (2000). To avoid a motion to dismiss, a plaintiff claiming false marking under 35 U.S.C. Sec. 292 must sufficiently plead an actual or imminent injury to itself, the Government or the public as a result of intentional false marking. *Stauffer v. Brooks Bros., Inc.,* 615 F. Supp.2d 248, 255 (S.D.N.Y. 2009). "First and foremost, there must be alleged (and ultimately proved) an 'injury in fact' – a harm suffered by plaintiff that is 'concrete and particularized' and actual or imminent, not 'conjectural' or 'hypothetical.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 103 (1998);[1] "Second, there must be causation – a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Id.* "And third, there must be redressability – a likelihood that the requested relief will address the alleged injury." *Id* "This triad of injury in fact, causation and redressability constitutes the core of Article III's case or controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Id.*

"The first requirement – an injury in fact – is the 'hard floor of Article III jurisdiction that cannot be removed by statute.'" *Stauffer* at 253, quoting *Summers v. Earth Island Inst.*, 129 S. Ct 1142, 1152 (2009). "Unlike a traditional plaintiff, a *qui tam* plaintiff commonly suffers no injury himself." The Supreme Court, however, explained in *Vermont Agency* that a *qui tam* plaintiff has standing to sue for his bounty as an assignee of a government claim as long as the United States has suffered an injury in fact. Thus, "*Vermont Agency* grants an assignee plaintiff standing only insofar as the 'claim' deemed to be assigned meets constitutional standing

---

[1] S*ee also Lujan v. Defenders of Wildlife, Inc., 504 U.S. 555, 560 (1992); Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990) (stating the injury in fact must be "concrete and particularized").

3

requirements." *Stauffer* at 253.

In *Vermont Agency,* the Supreme Court held that every plaintiff, including a *qui tam* plaintiff, must meet the constitutional minimum of standing under Article III of the Constitution. The Court addressed standing of a private individual who brings a suit in federal court on behalf of the United States under the False Claims Act ("FCA"). The FCA provides a reward for a whistle-blower who is aware of a company or an individual that has financially defrauded the United States government. The Court held that an FCA *qui tam* plaintiff has standing because the FCA "effect[ed] a partial assignment of the Government's damages claim." *Id* at 773-74.

In *Stauffer v Brooks Brothers*, 615 F Supp. 2d 248 (S.D.N.Y. 2009) the Southern District of New York addressed standing to sue in the context of a section 292 claim and is directly on point. Like this case *Stauffer* involved a practicing patent attorney. Patent attorney Raymond Stauffer brought suit against Brooks Brothers, Inc., a manufacturer of men's bow ties. He alleged that Brooks Brothers falsely marked its bow ties with patents that had expired more than half a century ago, and had done so for the purpose of deceiving the public. The *Stauffer* complaint alleged that the defendant's marking "wrongfully quelled competition with respect to such bow tie products thereby causing harm to the economy of the United States" and defendant "likely benefitted [sic] in at least maintaining their considerable market share with respect to the herein-described bow tie products in the high-end haberdashery marketplace." That complaint goes on to allege that Brooks Brothers "know, or at least should have known" that the patents had expired, and accordingly, knowingly misrepresented to the public that each of its so-marked bow tie products was covered by a valid U.S. patent. Finally, Stauffer alleged defendant falsely marked their bow ties "for the purpose of, and with the intent of, deceiving the public" and is therefore subject to penalties set forth in section 292. *Id.* 615 F. Supp. 2d at 252.

Brooks Brothers argued that to meet the requirements of Article III the complaint must plead facts sufficient to establish an injury in fact to the public. The Court agreed saying the complaint must set forth an injury in fact. "An injury in fact must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'" *Id.* 615 F. Supp. 2d at 255. Because Stauffer's complaint failed to allege injury with any specificity the Court concluded, "Stauffer therefore lacks standing to proceed." Accordingly, the Court dismissed the action for lack of standing.

The deficiencies in FLFMC's complaint are ***even greater*** than those in the complaint that the court dismissed in *Stauffer*. FLFMC fails to allege ***any*** injury-in-fact, to anyone, that would support its Article III standing under 35 U.S.C. § 292 (b). Consequently, FLFMC, like Attorney Stauffer, lacks standing to proceed and FLFMC's complaint should be dismissed.

The decision in *Pequignot II* [2] provided a different standing analysis. In that case, another practicing patent attorney (Pequignot) sued Solo Cup (a manufacturer of disposable cups and lids) for false patent marking and sought to recover $500 per plastic lid. Pequignot lacked standing to sue as a traditional plaintiff because "he fail[ed] to allege any actual or imminent injury to himself." However, the court held that Pequignot had standing to sue as a *qui tam* plaintiff as an assignee of the government's "sovereign" interest in seeing its laws enforced. In *Pequignot II,* the court reached this conclusion even though it found no proprietary injury to the United States, and that "the injury to the United States is *only* to its sovereignty."

In rejecting the analysis in *Pequinot II,* the *Stauffer* court explained that even assuming that a violation of the United States sovereign interest in law enforcement could be assignable and potentially vindicated by a *qui tam* action, there is no harm to this interest

---

[2] *Pequignot v. Solo Cup Co. ("Pequignot II"),* 640 F.Supp.2d 714, 91 U.S.P.Q.2d 1493 (E.D.Va. Mar 27, 2009).

5

without an injury resulting from deception to the public. In addition, the *Stauffer* court found it unlikely that "the Government's interest in seeing its laws enforced could alone be an assignable, concrete injury in fact sufficient to establish a *qui tam* plaintiff's standing." As the court explained, "[a]n 'abstract' harm such as 'injury to the interest in seeking that the law is obeyed ... deprives the case of the concrete specificity' necessary for standing." [3] The abstract harm, such as an injury to sovereignty, is insufficient to establish standing.[4] As the Supreme Court has explained, Article III standing is a threshold doctrine that requires the lower court's "careful judicial examination" of a complaint's allegations in order to answer the following questions:

> Is the injury too abstract, or otherwise not appropriate, to be considered judicially cognizable? Is the line of causation between the illegal conduct and injury too attenuated? Is the prospect of obtaining relief from the injury as a result of a favorable ruling too speculative?

In short, to establish standing in a Section 292 action such as this one, a plaintiff must plead sufficiently an actual or imminent injury to himself, the Government or the public as a result of deceptive false marking. *Stauffer,* 615 F. Supp.2d at 255. FLFMC has failed to do so.

### B. FLFMC Has No Standing in its Own Right, or as a *Qui Tam* Plaintiff.

FLFMC's Complaint does not, and cannot, allege that FLFMC itself has suffered any injury in fact. Though FLFMC has a financial interest (the sought-after bounty) in the outcome of this action, "the same might be said of someone who has placed a wager upon

---

[3] *Id. See also L. Singer & Sons v. Union Pac. R. Co.,* 311 U.S. 295, 303 (1940) (harm to "the common concern for obedience to law" is not sufficient for standing); *Perkins v. Lukens Steel Co.,* 310 U.S. 113, 126 (1940) (plaintiffs lacked standing because they failed to show an injury to "a particular right of their own, as distinguished from the public's interest in the administration of the law").
[4] *See Allen v. Wright,* 468 U.S. 737, 751, 754 (1984) (constitutional standing requirements are not met by "the abstract injury in nonobservance of the Constitution") (citation omitted); *see also Steel,* 523 U.S. at 107 (interest in seeing "that the Nation's laws are faithfully enforced" is not a cognizable Article III injury).

6

the outcome." *Vermont Agency,* 529 U.S. at 772. "An interest unrelated to the injury in fact is insufficient to give a plaintiff standing." *Id*. Simply put, "an interest that is merely a 'byproduct' of the suit itself cannot give rise to a cognizable injury in fact for Article III standing purposes." *Id*. FLFMC has not alleged and cannot demonstrate an injury in fact to itself. Therefore, FLFMC has no standing to sue in its own right.

### C. FLFMC's Complaint Does Not Plead A Nexus Between Defendant's Markings and the Alleged Harm.

Furthermore, the Complaint lacks any facts suggesting a nexus between the allegedly mismarked products and the public's buying habits or perceptions. As the Supreme Court stated in *Steel,* there must exist "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Steel*, 523 U.S. at 103. None of FLFMC's allegations connect the marking on the products at issue to any harm, such as supposed market power, mark-ups in price, or a public belief that other products are inferior. Thus, FLFMC has not even pled causation, much less supplied the specific facts required to support a claim of causation. This is yet another reason why FLFMC's Complaint fails to satisfy the constitutional requirements of standing and should be dismissed.

## II. The Complaint Should Be Dismissed Under Rules 9(b) and 12(b)(6).

"The false marking statute [*i.e.,* 35 U.S.C. § 292] is a fraud-based claim, which is subject to the pleading requirements of [Rule] 9(b)." *Juniper Networks v. Shipley,* No. C 09- 696 SBA, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009); *see also United States ex rel. Scharmer v. Carrollton Mfg. Co.,* 377 F. Supp. 218, 221 (N.D. Ohio 1974) (summarizing false marking claim as a "contention . . . [of] a conscious fraud.").

7

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n *all* averments of fraud . . ., the circumstances constituting fraud . . . *shall* be stated with particularity." (emphases added). Essentially, allegations must state "the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009) (citation omitted). Rule 9(b) requires that a plaintiff set forth the activities underlying alleged frauds, the identity of those involved, and their dates, times, and places. *In Re Rockefeller Center Properties Securities Litigation,* 311 F.3d 198, 216. In *Rockafeller* the court said, "Rule 9(b) requires a plaintiff to plead (1) a specific false representation [or omission] of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage."

Rule 9(b) serves several important purposes:

> to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'

*Bly-Magee v. California,* 236 F.3d 1014, 1018 (9th Cir. 2001) (citation omitted).[5] A dismissal

---

[5] It is for these same reasons that courts require inequitable conduct claims (which, like false marking claims, sound in fraud) to be pled under Rule 9(b). *Exergen Corp. v. Wal-Mart Stores,* 575 F.3d 1312, 1326-27 (Fed. Cir. 2009); *Juniper Networks,* 2009 WL 1381873, at *4 (relying on precedent which held that Rule 9(b) applies to inequitable conduct claims, in holding that Rule 9(b) applies to false marking claims). And the purposes served by Rule 9(b) accord with the Supreme Court's recent precedent regarding the default standards of pleading under Rule 8. *See Ashcroft v. Iqbal,* ___ U. S. ___, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citation omitted); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557

for failure to comply with Rule 9(b) is a dismissal on the pleadings for failure to state a claim. Fed. R. Civ. P. 9(b), 12(b)(6); *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1008 (9th Cir. 2009). FLFMC's complaint should be dismissed because it fails to meet the heightened pleading standards of Rule 9(b) because FLFMC fails to allege with particularity that William Bounds' acted with fraudulent intent.

Rule 9(b) requires FLFMC to not only allege fraudulent intent but also to plead facts sufficient to support its allegations of fraudulent intent, *i.e.,* that William Bounds acted "for the purpose of deceiving the public." 35 U.S.C. § 292(a). But, FLFMC has failed to do so.

FLFMC's allegations that William Bounds marked the pepper mills with Patent No. 3,168,256 and did so for the purpose of deceiving the public are insufficient to pass muster under Rule 9(b). *See Juniper Networks,* 2009 WL 1381873 at *4 (conclusory allegations that defendant "knew" marked product not covered by patent were insufficient under Rule 9(b)). In *Juniper Networks,* the court rejected a similarly styled pleading that alleged the defendant marked an article "kn[owing] that language to be false . . . ." *Id.* The court noted that false marking claims under 35 U.S.C. § 292 are subject to Rule 9(b) standards, and that the conclusory allegations "that [defendant] 'knew' his reference to the patents was 'false' are . . . insufficient to plead an intent to deceive under section 292(a)." *Id.* Like the relator in *Juniper Networks,* FLFMC's intent pleadings are bare of any factual support and are insufficient under Rule 9(b). FLFMC's complaint lacks any facts to support a conclusion that the products in question were marked with any intent, much less "for the purpose of deceiving the public" under 35 U.S.C. § 292(a) and should be dismissed

Indeed, in a recent decision in the U. S. District Court for the District of Delaware, Judge Farnan dismissed similarly threadbare pleadings of intent as insufficient to meet the default pleading standards of Rule 8(a). *Brinkmeier v. Graco Children's Prods. Inc.,* 614 F. Supp. 2d 548 (D. Del. Feb. 16, 2010). Like FLFMC does here, the *Brinkmeier* relator tried to parlay the

---

(2007) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.").

9

appearance of the numbers of expired patents on products in the stream of commerce into an inference of deceptive intent. In particular, the *Brinkmeier* relator alleged: (1) that defendant had an Intellectual Property Manager responsible for patent markings; (2) that because certain patents had expired, defendant "cannot have any reasonable belief that such products are protected by such patents"; (3) that defendant "knows, or should know" that the products have been falsely marked; and (4) that "[u]pon information and belief, [defendant] marked products . . . with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the expired patent[s]." *Id.* The *Brinkmeier* court rejected these pleadings under default Rule 8(a) standards: "These allegations alone do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the 'mere labels and conclusions' prohibited by *Twombly*." *Id.*[6] Given that FLFMC's pleadings are similarly conclusory, they also fail to satisfy the default standards of Rule 8(a), let alone the heightened standards of Rule 9(b). This is yet another reason why FLFMC's complaint should be dismissed.

### III.   In The Alternative the Court Should Stay This Proceeding Pending the Federal Circuit Decision in the *Stauffer* Case.

Raymond Stauffer appealed the dismissal of his case to the Court of Appeals for the Federal Circuit. Defendant has been informed that briefing in the appeal is complete and the case likely will be argued in the fall. If the Court of Appeals affirms the district court decision in *Stauffer* there will be no way to distinguish it or avoid its application to this case. In the event that the Court decides not to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) because Plaintiff lacks standing or pursuant to Federal Rules of Civil Procedure 12(b)(6) because Plaintiff failed to plead with particularity as required by Rule 9(b), the Court

---

[6] In *Brinkmeier,* the court also found that the relator pled sufficient facts as to *one* patent marking because it alleged that (1) defendant had been sued by two competitors for infringing the marked patent and (2) that defendant revised its patent markings at least three times since the marked patent expired in June 2007. *Id.* at *4. FLFMC's pleadings come nowhere close to that level of detail.

10

should stay this case pending the decision in the *Stauffer* case.  Such action would be consistent with what other district courts have done in pending false marking cases.  See, for example, the April 13, 2010 decision of Judge Seeborg in *San Francisco Technology, Inc. v Adobe Systems Incorporated, et al.* Civil Action No. C 09-6083 S pending in the Northern District of California a copy of which is submitted as Exhibit 1.

## CONCLUSION

The complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) because Plaintiff lacks standing and pursuant to Federal Rules of Civil Procedure 12(b)(6) because Plaintiff failed to plead with particularity as required by Rule 9(b).  In the event that the Court decides not to dismiss the complaint then the Court should stay all proceedings pending the decision of the Court of Appeal for the Federal Circuit in *Stauffer v Brooks Brothers.*

Respectfully submitted,

/s/Lynn J. Alstadt
PA I.D. No. 23487
Buchanan Ingersoll & Rooney PC
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Phone: 412-562-1632
Fax: 412-562-1041

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 7th day of June 2010, a true and correct copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** was served on the attorneys for Plaintiff by operation of the court's electronic filing system.

                                              /s/ Lynn J. Alstadt
                                              Lynn J. Alstadt