IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., )<br>and FLFMC, LLC., )<br>)<br>                Plaintiffs, )<br>)<br>v. )<br>)<br>WILLIAM BOUNDS, LTD., )<br>)<br>                Defendant. )<br>) | Civil Action No. 2:10-cv-00420<br><br>Jury Trial Demanded |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR STAY**

At page 12 of its Opposition[1], Plaintiff repeats Defendant's contention that there is no way to distinguish this case from *Stauffer v. Brooks Brothers*, 615 F. Supp. 2d 248 (S.D.N.Y. 2009) and then fails to offer any distinction. Accordingly, the parties agree that this case is essentially the same as the *Stauffer* case in which the district court dismissed the complaint for lack of standing. Defendant asks this Court to follow the *Stauffer* decision and dismiss this case for lack of standing and for failure to plead with particularity or alternatively to stay the case pending the decision of the Court of the Appeals for the Federal Circuit in Stauffer's appeal.

Plaintiff argues that it has standing to bring this case because "It is well settled that *qui tam* plaintiffs have Article III standing." Opposition at pages 2-4. Much of Plaintiff's argument relies on decisions of other district court judges who reached a different conclusion under the facts in their cases which can be distinguished from the facts in this case. In contrast, the district

---

[1] "Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss," Document 15, filed June 23, 2010.

court in the *Stauffer* case, which is indistinguishable from this case, held that the Plaintiff there lacked standing.

FLFMC offers two reasons why the Court should not stay the case. First, FLFMC says that William Bounds has failed to demonstrate how proceeding with this case will cause it any hardship or inequity. Second, Plaintiff cites a series of cases which say that stays of indefinite duration are especially discouraged. Opposition at pages 12-13. Neither point has merit.

In deciding whether to grant a stay, the Court must weigh the equities. The equities here strongly favor a stay, because Plaintiff will suffer no harm from a stay whereas Defendant will experience substantial hardship if a stay is not granted. Plaintiff recognizes that the *Stauffer* case is fully briefed. The case is now listed for oral argument on August 3, 2010. Therefore, a decision should be rendered before the end of this year. Hence, the requested stay is not "of indefinite duration," but, should only be about six months. Should the Court decide, contrary to the decision in *Stauffer*, not to dismiss the complaint, then the equities strongly favor a stay.

> **A.   The Court Should Dismiss the Instant Case Because the Plaintiff Lacks Standing.**

Plaintiff pretends that the issue of standing is decided by *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765 (2000). That is not the case. The *Vermont* involved a *qui tam* decision based on the False Claims Act. For FCA claims the assignable injury is evident. It is the "proprietary injury resulting from the alleged fraud." *Vermont Agency*, 529 U.S. at 771.

For alleged violations of § 292, however, the injury is not nearly so clear cut, because there is no proprietary injury. As noted by the district court in *Stauffer*, "the actionable injury in fact that the government is able to assign would have to be an injury to it or to the public stemming from fraudulent or deceptive false marking." 615 F. Supp. 2d at 254. Plaintiff has

identified no such injury.  Mere invocation of a laundry list of "injuries" recited in *Forest Group v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009) is no substitute for the particularized injury in fact that must exist for a plaintiff to have standing under Article III.  Standing was not at issue in *Bon Tool* (where the plaintiff was a competitor of the defendant), and the decision should not be read as if it was.

Plaintiff argues that the alleged injury to the sovereignty of the United States is sufficient to give rise to her standing.  It is not.  In *Vermont Agency*, the Court held that the *qui tam* relator had standing because the relator acted as assignee of the government's *proprietary* interest in the False Claims action; that is, the government had been denied a sum of money, and it had assigned the right to obtain that money to the *qui tam* relator.  The United States had not, however, assigned its <u>sovereign</u> interest to the relator; that is, to the extent that any injury to the United States had occurred by violation of its laws (and there is no indication that it had), such an injury could not be assigned to a third party for vindication.  *See Vermont Agency*, 529 U.S. at 773.

Significantly, the provision for a fine in of § 292 is penal in nature.  The United States has not been denied any of the money would be recovered in a successful suit.  Therefore, the funds recovered in a successful false marking suit would result from an alleged violation of sovereign powers, <u>not</u> an assignable proprietary interest sufficient in and of itself to create standing in the first instance.  Since an alleged violation of sovereign powers is not assignable to a third party, an alleged injury to the sovereignty of the United States is insufficient to give rise to standing,  Therefore, based upon her pleadings, Plaintiff lacks standing in this case.

Plaintiff repeatedly and erroneously attempts to associate this case with the recent decision in *United States ex rel. FLFMC, LLC, ex rel. v. Ace Hardware Corporation*, 2010 U.S.

Dist. LEXIS 45453) (W.D. Pa. May 7, 2010) (Schwab, J.).  See, e.g., Opposition at pages 5, 9, and 10.  Although Plaintiff's brief attempts to infer that *Ace Hardware* is precedential, it is not.  A district court is not bound by other district court decisions in the same district.  "First, it is clear that there is no such thing as 'the law of the district.'  Even where the facts of a prior district court case are, for all practical purposes, the same as those presented to a different district court in the same district, the prior resolution of those claims does not bar reconsideration by this Court of similar contentions." *Threadgill v. Armstrong World Industries, Inc.*, 928 F.3d 1366, 1371 & n.7 (3d Cir. 1991) (collecting cases) (citations and quotation marks omitted).  Judge Schwab's decision is not entitled to any greater deference than that of any other court applying the law of the same circuit.  Furthermore, FLFMC's standing apparently was not challenged by Ace Hardware because the decision does not address this issue.

The remaining cases cited by Plaintiff are similarly unpersuasive.  In *Calderwood v. Mansfield*, 71 F. Supp. 480 (D.C. Cal. 1947), *Fear v. Horner Sales Corp.*, 10 F.R.D. 25 (W.D. Pa. 1950), and *Pentlarge v. Kirby*, 19 F. 501 (D.C.N.Y. 1884) standing was either assumed without further consideration (*Calderwood* and *Pentlarge*) or analyzed based on factors unrelated to those at issue in this action (*Horner Sales*, where the court determined if the existence of a second cause of action between the parties eliminated standing to bring a false marking action).

**B.     The Complaint Should Be Dismissed Under Rules 9(b) and 12(b)(6).**

Rule 9(b) of the Federal Rules of Civil Procedure requires FLFMC to not only allege fraudulent intent but also to plead facts sufficient to support its allegations of fraudulent intent, *i.e.,* that William Bounds acted "for the purpose of deceiving the public." 35 U.S.C. § 292(a).  In its opposition FLFMC has failed to identify any allegations of facts that William Bounds knew

that the marking on its product was false. Instead, FLFMC says the Court in *Ace Hardware* held that similar allegations were sufficient to survive a motion to dismiss and that, "Plaintiffs should not be required to plead with particularity in this case" because evidence of defendant's intent in most cases "comes directly from the defendant or its agents." Opposition at page 9.

Rule 1 of the Federal Rules of Civil Procedure says, "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." Rule 81 relates to removal actions and does not apply to this case. Clearly, Rule 9(b) governs this case and Plaintiffs must comply with that rule.

To establish a violation of the false marking statute a plaintiff must prove that defendant's statements were false and that defendant knew the statements were false. *Pequignot v. Solo Cup Co.* __ F.3d _____, 2010WL2346649 *6 (No. 2009-1547) (Fed. Cir. June 10, 2010). To survive a motion to dismiss under Rule9(b), FLFMC must recite in its complaint sufficient facts to show that William Bounds not only made a false statement, i.e.. marked their product with the number of an expired patent, but also that William Bounds knew that such a marking was false. The fact that evidence of Defendant's intent is held by Defendant and its agents does not relieve Plaintiff from conducting a pre-filing investigation to identify facts which show that William Bounds knew the marking was false and to recite those facts in the complaint. Obviously, FLFMC has not conducted such an investigation because neither her compliant nor her response to Plaintiff's motion to dismiss contains any facts concerning Defendant's knowledge that it had made any false statement.

The decision in *Ace Hardware* is not binding on this Court and does not excuse Plaintiffs from meeting the requirements of Rule 9(b). FLFMC has not provided a copy of the complaint

5

that was filed in *Ace Hardware* to enable the Court to determine what, if any, similarities exist between that case and this case. And, there is no discussion in *Ace Hardware* of Rule 9(b).

Rule 9(b) requires that FLFMC must plead facts sufficient to show that William Bounds made false statements in marking its products and knew that those statements were false. Because the complaint fails to meet the requirements of Rule 9(b), the complaint should be dismissed.

      **C.**      **The Court Should Stay All Proceedings in the Instant Case Pending a Ruling by the Federal Circuit in the *Stauffer* Case**

The United States Court of Appeals for the Third Circuit has held that a district court has broad power to stay proceedings. *Bechtel Corp. v. Local 215, Laborers' Int'l Union,* 544 F.2d 1207, 1215 (3d Cir.1976) (affirming stay in deference to the trial court's discretionary power to grant a stay). The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 299, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (Cardozo, J.). Central to this power is a court's ability to "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp.,* 544 F.2d at 1215. Of particular importance is that the issues and parties to the two causes need not be identical before one suit may be stayed to abide the proceedings in another suit. *See Landis,* 299 U.S. at 254. When two cases implicate similar facts or issues of law, the pending cause "may not settle every question of fact and law" in the current suit, but it may "in all likelihood ... settle many and simplify them all." *Id.* at 256. Before exercising the power to stay proceedings, a court must weigh competing interests and maintain an even balance. *Id.* at 255.

In *Resco Prods., Inc. v. Bosai Minerals Group Co., Ltd,* 2010 WL 2331069 (No. 06-235, June 4, 2010) Judge Conti granted a stay and writing for this Court observed,

> Several courts have identified the competing interests as: (1) the length of the stay; (2) the balance of harm to the parties; and (3) whether a stay will simplify issues and promote judicial economy. <u>Gunduz v. U.S. Citizenship and Immigration Servs.,</u> No. 07-780, 2007 WL 4343246, at *1 (W.D.Pa. Dec.11, 2007); *see* <u>Smithkline Beecham Corp. v. Apotex Corp.,</u> No. 03-3365, 2004 WL 1615307, at *7 (E.D.Pa. July 16, 2004). Other courts have recognized five factors relevant to the balancing analysis:
> 
> (1) The interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil ... litigation.
> 
> <u>Morgenstern v. Fox Television Stations of Phila.,</u> No. 08-0562, 2010 WL 678113, at ---- 1-2 (E.D.Pa. Feb.23, 2010) (holding case in abeyance pending the resolution of a bankruptcy proceeding to which the defendant was a party);

*Resco Prods., Inc.* at *5

In our case the enumerated factors all favor a stay. The length of the stay will be short because the *Stauffer* case has been set for argument on August 3, 2010 by the Court of Appeals for the Federal Circuit.

The balance of harm to the parties favors a stay. In its complaint FLFMC does not allege any injury to itself or any other entity resulting from Defendant's accused conduct. FLFMC seeks only monetary penalties for the alleged false patent making, half of which it must share with the United States. 35 U.S.C. § 292(b). FLFMC cannot point to any prejudice it would suffer if the Court stays this case for a short period of time, except, perhaps, a delay as to when it might receive its half of any penalties ultimately awarded.

In stark contrast should this case go forward, Defendant will be required to respond to discovery and incur attorneys fees. Defendant is a small company with only a few employees.

Since discovery may require a significant amount of time to collect documents, respond to interrogatories and give depositions, going forward with this lawsuit could require many hours of time from Defendant's employees that would otherwise be spent in making and selling products. To impose such a burden on Defendant now when a decision by the Federal Circuit in *Stauffer* could require dismissal of this case would be unfair. This is particularly true because FLFMC will suffer no harm from a stay.

There is no prejudice to Plaintiff in a short delay since the only remedy being sought is money damages. In contrast, requiring Defendant to expend time and money on discovery in a case that may be dismissed imposes a substantial burden on Defendant. Even if short delay could be considered a hardship or prejudicial to FLFMC (and it cannot), any such prejudice is far outweighed by the interests of justice and judicial economy promoted by staying the case. *See Catch Curve, Inc. v. Graphnet, Inc.* Civil Action No. 1:06-CV-2386-CC, Slip. Op., (N.D. Ga. Feb 18, 2009) (granting stay of case pending Federal Circuit ruling in another case, noting that briefing in the appeal was imminent so that stay would be short, and that any prejudice cause by the short delay was outweighed by the benefits of receiving the Federal Circuit's opinion); *Genentech, Inc. v. Sanofi-Aventis Deutschland GmbH et al.,* No. C08-4909 SI, 2009 WL 1313193, at *2 (N.D. Cal. May 12, 2009) (staying case pending outcome of Federal Circuit decision on petition for writ of mandamus in separate case).

This case is essentially the same as the *Stauffer* case in which the district court dismissed the complaint for lack of standing. Should that dismissal be upheld on appeal Plaintiffs' complaint here must also be dismissed.

There are no interests of others not part of the litigation or any interests of the public that favor a denial of a stay. Moreover, the wisdom of granting the stay is confirmed by the actions

of other district courts that have issued stays in false marking cases pending a decision in the *Stauffer* case.  In *Public Patent Found., Inc. v. Glasoxsmithkline Consumer Healthcare, L.P.,* No 09 Civ 5881, Slip Op. (S.D.N.Y. Feb. 17, 2010) the district court *sua sponte* stayed a false marking case with pending motions to dismiss for lack of Article III standing "[i]n light of the appeal currently pending in the Court of Appeals for the Federal Circuit of an order issued in *Stauffer v. Brooks Brothers Inc…* which raises the same legal question that is currently pending here."

A stay pending a decision in the *Stauffer case* has also been granted in the following false marking cases:

- *San Francisco Technology, Inc. v. Adobe Systems, Inc.*, No. C 09-6083 RS (N.D. Cal. 4/13/10);

- *Public Patent Foundation, Inc. v. McNeil-PPC, Inc.*, No. 09 Civ. 5471 (RJH) (S.D.N.Y. 4/26/10);

- *Heathcote Holdings Corp., Inc. v. Crayola LLC*, No. 1:10-cv-00342 (N.D. Ill. 4/08/10);

- *Hollander v. Timex Group USA, Inc.*, No. 10-429 (E.D. Pa. 5/5/10);

- *Hollander v. Hospira, Inc.*, No.10-235 (E.D. Pa. 5/7/10);

- *Crestron Elec., Inc. v. Lutron Elec. Co., Inc.*, No. 10-01390 (DMC) (D. N.J. 5/13/10);

- *Simonian v. L'Oreal USA Creative, Inc.*, No. 10 C 1345 (N.D. Ill. 5/14/10);

- *O&G Searchquest, Inc. v. The Proctor & Gamble Co.*, No. H-10-1164 (S.D. Tex. 5/17/10);

- *Hirschhorn v. Church & Dwight Co., Inc.*, No. 2:10-cv-1156-JF (E.D. Pa. 5/17/10);

- *Heathcote Holdings Corp., Inc. v. The Clorox Co.*, No. 1:10-cv-00942 (N.D. Ill 5/18/10)

The stay that William Bounds requests does not require the Court to modify the case schedule or a trial date, factors that might militate against a stay under some circumstances.

Here, this case has just been filed. The Court has not provided a schedule for this case, let alone a trial date. There is no prejudice to FLFMC if Defendant's motion to stay is granted. All the other factors which should be considered by this Court favor a stay should the Court decide not to dismiss the complaint because FLFMC lacks standing or because FLFMC has not pled with particularity.

## CONCLUSION

The complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) because Plaintiff lacks standing and pursuant to Federal Rules of Civil Procedure 12(b)(6) because Plaintiff failed to plead with particularity as required by Rule 9(b). In the event that the Court decides not to dismiss the complaint, then the Court should stay all proceedings pending the decision of the Court of Appeals for the Federal Circuit in *Stauffer v. Brooks Brothers*.

Respectfully submitted,

/s/Lynn J. Alstadt
PA I.D. No. 23487
Buchanan Ingersoll & Rooney PC
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Phone: 412-562-1632
Fax: 412-562-1041

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 30th day of June 2010, a true and correct copy of the foregoing DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY was served on the attorneys for Plaintiff by operation of the court's electronic filing system.

    /s/ Lynn J. Alstadt\_\_\_\_
Lynn J. Alstadt